UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 18 CV 11393

-----------------------------------------------------------------X

FSR, Inc.,

Index No.:

               Plaintiff,

**COMPLAINT**

    against

Korsair Holdings, A.G.,

              Defendant.

-----------------------------------------------------------------X

Plaintiff, FSR, Inc. by its attorneys, The Mintz Fraade Law Firm, P.C., complaining of

the Defendant, allege as follows:

As and for a First Claim for Relief,
Plaintiff Alleges as Follows:

1.      Plaintiff, FSR, Inc. (hereinafter referred to as "FSR"), is a corporation organized

pursuant to the laws of the State of Colorado, with its principal place of business presently

located in the State of Colorado.

2.      Upon information and belief, Defendant, Korsair Holdings, A.G., f/k/a 3A Now,

A.G. (hereinafter referred to as "Korsair"), is a company organized pursuant to the laws of

Switzerland, with its principal place of business located in Switzerland.

3.      This court has original jurisdiction pursuant to the provisions of 28 U.S.C. Section

1332(a) (2), in that there is complete diversity between the parties and the amount in controversy

exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      This court has original jurisdiction pursuant to the provisions of 28 U.S.C. Section 1331, in that this action concerns a federal question.

5.      This court has proper venue of the action pursuant to the provisions of 28 U.S.C. Section 1391(a), since substantial events or omissions giving rise to the claims occurred in this judicial district.

6.      Upon information and belief, commencing in or about May 2009 until approximately February 10, 2011, Chris Messalas ("Messalas"), a shareholder of Korsair at that time, discussed with FSR, a potential investment by FSR in Korsair. In that regard, Messalas introduced Kelly Hickel ("Hickel"), the then-President of FSR, to Wolfgang Stangl ("Stangl"), the then-President of Korsair as well as a promoter for Korsair in the European stock markets.

7.      On or about February 22, 2011, Messalas, Stangl and Hickel held a meeting in which (A) they discussed a transaction wherein FSR would invest in Korsair, A.G. and (B) Messalas and Stangl showed to Plaintiffs financial projections of Korsair for the years 2011, 2012 and 2013 (the "Korsair Projections") with respect to FSR's potential investment in Korsair.

8.      The Korsair Projections stated that Korsair would have €440,910 in liquidity as of December 31, 2011; €512,364 in liquidity as of December 31, 2012 and €571,985 in liquidity as of December 31, 2013.

2

9.      During the course of the meetings and communications Paragraphs "8" and "9" of this Complaint and continuing through and after Plaintiffs' investments in Korsair as set forth below, Defendant Messalas repeatedly represented to Plaintiff FSR the following (collectively, the "Korsair Representations"): (A) in exchange for FSR's investments in Korsair, FSR would be issued 10,000,000 shares of Korsair's stock (the "Korsair Shares") representing one-third of the issued and outstanding stock of Korsair (B) Korsair would be listed on the Frankfurt, Germany Stock Exchange and thereafter Korsair would enter into transactions to increase its value; and (C) that Korsair's stock price would increase from $0.10 to $1.00 per share.

10.     Upon information and belief, based upon and in reliance upon the Korsair Representations, On March 21, 2011, FSR loaned to Korsair, $50,000 pursuant to a promissory note in the principal amount of $50,000, bearing interest at a rate of 8% per annum and with a maturity date of December 31, 2011 (the "March 2011 Loan").

11.     On April 13, 2011, based upon and in reliance upon the Korsair Representations, FSR entered into three securities purchase agreements (the "SPAs") with Korsair. Pursuant to one of such SPAs ("United Health SPA"), Korsair purchased 3,050,000 shares of the common stock of United Health Products, Inc. (the "United Health Stock") from FSR. Korsair received Stock Certificate No. 1816 evidencing 3,050,000 shares of United Health (the "United Health Stock Certificate").

12.     Upon information and belief, pursuant to the United Health SPA, the purchase

3

price for the purchase of the United Health Stock was paid by Korsair's issuance of a promissory note in favor of FSR (the "SPA Promissory Note").

13.     Throughout 2011 and 2012, upon repeated inquiries from Hickel, Messalas repeatedly represented to Hickel that (A) the Korsair Shares would be transferred to FSR, (B) Korsair would be listed on the Frankfurt Stock Exchange and (C) Korsair would enter into transactions and thereby increase the value of its shares.

14.     On or about April 10, 2012, after Hickel again inquired as to when FSR would receive the Korsair Shares, Messalas cut off all further communication with FSR and Hickel.

15.     The Korsair Shares were never issued to FSR.

16.     Messalas, at all times mentioned, falsely misrepresented to FSR that FSR would receive the Korsair Shares to FSR, that Korsair would be listed on the Frankfurt Stock Exchange and that Korsair would enter into transactions and thereby increase the value of its shares.

17.     FSR duly and reasonably relied upon the information provided by the Messalas and false information conveyed by Messalas and Korsair, including the information they failed to disclose.

18.     Since Korsair was controlled by Messalas, Korsair is deemed to have acted in

4

concert with Messalas.

19.     Section 17(a) of the Securities Act of 1933, as amended, provides as follows:

> *"It shall be unlawful for any person in the offer or sale of any securities (including security-based swaps) or any security-based swap agreement (as defined in section 78c(a)(78) of this title) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly (1) to employ any device, scheme, or artifice to defraud, or  (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or   (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."*

20.     Section 10(b) of the Securities Exchange Act of 1934, as amended, provides that it shall be unlawful:

> *"To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."*

21.     Rule 10b-5 of the Securities Exchange Commission provides as follows:

> *"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,(a) To employ any device, scheme, or artifice to defraud,(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."*

22.     Korsair willfully violated Section 17(a) of the Securities Act of 1933, as amended,
Section 10(b) of the Securities Exchange Act of 1934, as amended, and Rule 10b-5 under the
Securities Exchange Act of 1934, as amended, which prohibit fraudulent conduct in the offer and
sale of securities and in connection with the purchase or sale of securities.

23.     Korsair acted purposefully, willfully, knowingly, wantonly, with intent to deceive,
hide and mislead FSR, evidencing an intent equivalent to a criminal indifference.

24.     FSR's damages were proximately caused by Korsair's conduct, actions and
inactions.

25.     Accordingly, Defendant Kosair is liable to Plaintiff under Rule 10b-5 of the
Exchange Act, in the sum of $229,300, with additional damages to be determined at trial.

26.     Accordingly, due to the unique and irreplaceable nature of the Korsair Shares,
FSR is entitled to the remedy of specific performance of Korsair's obligation to issue to FSR
10,000,000 shares of the Common Stock of Korsair.

As and for a Second Claim for Relief,
Plaintiff Alleges as Follows:

27.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in
paragraphs "1" through "26" with the same force and effect as if more fully set forth herein.

6

N:\M&F\GES\FSR\Complaint against Korsair.doc

28.     Section 29(b) of the Securities Exchange Act of 1934, as amended, provides in relevant part as follows:

> *"Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision, rule, or regulation..."*

29.     Upon information and belief, FSR entered into the United Health SPA based upon and in reliance upon the Korsair Representations, but was never issued the Korsair Shares.

30.     Accordingly, Plaintiff is entitled to rescission of the United Health SPA, an order canceling the United Health Stock Certificate currently in the name of Korsair and an order directed at United Health and American Registrar & Transfer Corp., Transfer Agent for United Health to issue a stock certificate evidencing the United Health Stock in the name of FSR.

As and for a Third Claim for Relief,<br>Plaintiff Alleges as Follows:

31.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if more fully set forth herein.

7

39.     Accordingly, Plaintiff is entitled to rescission of the United Health SPA, an order canceling the United Health Stock Certificate currently in the name of Korsair and an order directed at United Health and American Registrar & Transfer Corp., Transfer Agent for United Health to issue a stock certificate evidencing the United Health Stock in the name of FSR.

As and for a Fifth Claim for Relief,<br>Plaintiff Alleges as Follows:

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if more fully set forth herein.

41.     Although FSR duly demanded repayment of the March 2011 Loan, the loan has not been repaid and remains in default.

42.     Accordingly, Defendant is liable to Plaintiff in the sum of $50,000.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(A) on its First Claim for Relief, pursuant to Section 17(a) of the of the Securities Act of 1933 and Rule 10b-5 of the Exchange Act, for damages to Plaintiff in the sum of $229,300, with interest, with additional damages for Plaintiff to be determined at trial and specific performance of Defendant's obligation to issue 10,000,000 shares of the common stock of Korsair to Plaintiff;

(B)  on its Second Claim for Relief, pursuant to Section 29(b) of the Securities Exchange

N:\M&F\GES\FSR\Complaint against Korsair.doc

Act of 1934, for rescission of the United Health SPA, an order canceling the United Health Stock Certificate and an order directed at United Health Products, Inc. and American Registrar & Transfer Corp. to issue a stock certificate evidencing 3,050,000 shares in the name of FSR;

(C) on its Third Claim for Relief, for breach of fiduciary duty, for damages to Plaintiff in the sum of $229,300, with interest and specific performance of Defendant's obligation to issue 10,000,000 shares of the common stock of Korsair to Plaintiff;

(D) on its Fourth Claim for Relief, for failure of consideration, for rescission of the United Health SPA, an order canceling the United Health Stock Certificate and an order directed at United Health Products, Inc. and American Registrar & Transfer Corp. to issue a stock certificate evidencing 3,050,000 shares in the name of FSR; and

(E)  on its Fifth Claim for Relief, for breach of the March 2011 Loan, for damages to Plaintiff in the sum of $50,000.

Alan P. Fraade (AF9602)
The Mintz Fraade Law Firm, P.C.
Attorneys for Plaintiffs
260 Madison Avenue, 16th Floor
New York 10016
(212) 486-2500

10
N:\M&F\GES\FSR\Complaint against Korsair.doc