UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FSR, INC.,

        Plaintiff,

– against –

KORSAIR HOLDINGS, A.G.,

        Defendant.

JEC CONSULTING ASSOCIATES, LLC,

    Third-Party Plaintiff/Intervenor,

– against –

UNITED HEALTH PRODUCTS, INC., *formerly known as* UNITED ECOENERGY CORP., and DOUGLAS K. BEPLATE,

    Third-Party Defendants.

**OPINION AND ORDER**

18 Civ. 11393 (ER)

RAMOS, D.J.:

  FSR, Inc. ("FSR") brings this action against Korsair Holdings, A.G. ("Korsair") asserting claims for securities fraud and for repayment of loans. FSR alleges that it is entitled to rescission of the securities agreements it entered with Korsair and thus to a certain stock certificate that Korsair obtained from FSR in connection therewith. Third-party Plaintiff JEC Consulting Associates, LLC ("JEC"), the current holder of that stock certificate, intervened and filed a third-party complaint against United Health Products ("United Health"), the issuer of that stock certificate, and its chief operating officer, Douglas K. Beplate ("Beplate"), asserting a claim for declaratory judgment under 28 U.S.C. § 2201, federal securities fraud claims, and a New York state law claim of intentional infliction of economic injury.

Before the Court are FSR's motion for default judgment against Korsair, and a joint motion by FSR and JEC for a declaration that the Certificate shall be freely traded. For the reasons set forth below, the motion for default judgment is GRANTED, and the motion for declaratory judgment is DENIED.

## I. BACKGROUND

The parties' dispute revolves around a restricted stock certificate, number 1816, dated April 25, 2011, CUSIP No. 91059D 10 0, representing 3,050,000 shares of United Health (the "Certificate").

### A. Procedural Background

The Certificate was previously the subject of another litigation in this district. *See FSR, Inc et al. v. LeadDog Capital, LP et al*,[1] No. 14 Civ. 4275 (ER) (S.D.N.Y.). FSR also initiated that action, which ultimately ended with an order of dismissal by Magistrate Judge Kevin Nathaniel Fox, to whom the matter was referred, after FSR settled with all the Defendants except Korsair. *See id*. Doc. 79 (Order of Dismissal). Korsair was never served in that action. Pursuant to Judge Fox's order of dismissal, which was issued on November 14, 2016, FSR had 45 days to restore the action to the Court's active docket if the terms of the settlement had not been fulfilled. *See id*. However, almost three months later, on February 7, 2018, FSR applied to reopen the case to move for default judgment against Korsair. *Id*. Doc. 80. The Court denied the application, noting that the application had to be made to Magistrate Judge Fox, to whom the matter was referred for all purposes. *Id*. Doc. 81.

Instead, on December 6, 2018, FSR commenced the instant action against Korsair. Doc. 1. On February 21, 2019, FSR filed an affidavit of service. Doc. 12. On March 14, 2019, JEC

---

[1] Though never served, Korsair was named as a defendant in the case.

moved to intervene. Doc. 18. On March 15, 2019, JEC filed the Third-Party Complaint against United Health and Beplate. Doc. 20. On June 28, 2019, FSR filed an order to show cause for default judgment against Korsair. Doc. 30. On August 2, 2019, FSR moved to stay the instant action on behalf of all parties, on the basis that they had reached a settlement in principle, Doc. 45, which the Court granted, Doc. 46. FSR, on September 17, 2019, submitted a letter motion to lift the stay, representing that the parties have been unable to reach a settlement with United Health, Doc. 53, which the Court granted, Doc. 55. On August 22, 2019, FSR and JEC filed a joint motion for declaratory judgment. Doc. 47. Korsair has not appeared in any way in the action.

### B. Factual Background

The complaint alleges that from approximately May 2009 to February 10, 2011, Korsair engaged in discussions with FSR about potential investments in Korsair. *See* Doc. 16 ¶ 6. Thereafter, FSR loaned to Korsair $50,000 pursuant to a promissory note with an 8 percent annual interest rate and a maturity date of December 31, 2011. Id. ¶ 10. On April 13, 2011, FSR entered into several securities purchase agreements with Korsair. *Id*. ¶ 11. Pursuant to one of the agreements, FSR transferred 3,050,000 United Health common shares of United Health to Korsair, delivered in the form of the Certificate. *Id*. According to FSR, in order to pay for the Certificate, Korsair issued a promissory note in favor of FSR, which provides that 1,000,000 shares of Korsair common stock would be transferred to FSR once Korsair was listed on the Frankfurt Stock Exchange. *Id*. ¶¶ 12-13. According to FSR, those shares were never issued, and FSR further alleges that Korsair had engaged in an extensive scheme of fraudulent conduct by falsely misrepresenting to FSR that: (1) it would receive the promised 1,000,000 shares of Korsair common stock; that Korsair would be listed on the Frankfurt Stock Exchange; and (3)

3

that Korsair would enter into transactions that would increase the value of those shares. *See generally id*. Among the relief sought in this action, FSR seeks rescission of the agreement involving the Certificate.

According to the Third-Party Complaint, on August 19, 2014, after Korsair purchased the Certificate from FSR, nonparty LeadDog Capital LP ("LeadDog"), whose general partner appointed JEC to be its liquidator, purchased 2,500,000 of the 3,050,000 United Health shares from Korsair pursuant to a separate securities purchase agreement. *See* Doc. 20 ¶¶ 8, 19. However, Korsair had only the single restricted Certificate, for the 3,050,000 United Health shares. *Id*. ¶18. On October 22, 2014, Korsair wrote to United Health's then transfer agent requesting that the Certificate be broken up into two new, unrestricted certificates. *Id*. ¶ 21. On November 13, 2014, United Health's counsel allegedly sent an opinion letter to its transfer agent to the effect that the restrictive legend on the Certificate could be removed. *Id*. ¶ 22. However, eleven days later, United Health's counsel sent a "Uniform Rejection Notice" withdrawing the previous opinion letter. *Id*. ¶ 23. When the earlier litigation involving the Certificate commenced, the Certificate was and has been in possession of JEC. *Id*. ¶ 26. Subsequent attempts to obtain an opinion letter from United Health's counsel by JEC have been denied, allegedly due to the personal animosity of Beplate against JEC's principal. *Id*. ¶¶ 48-51.

## II. DISCUSSION

Pending before the Court are two motions, FSR's motion for default judgment against Korsair and a joint motion for declaratory judgment by FSR and JEC. The Court addresses each in turn.

### A. Motion for Default Judgment

FSR's motion for default judgment seeks three measures of relief: (1) to hold Korsair in default; (2) to obtain an order that JEC deliver the Certificate to United Health's transfer agent; and (3) that United Health's transfer agent issue two new separate stock certificates, the first one representing 550,000 United Health common shares to FSR, the second one representing the remaining 2,500,000 United Health common shares to be held by the transfer agent pending either a Court's order, or a joint directive from FSR and JEC. *See* Doc. 33 ("Proposed Default Judgment"). Based on the record, the Court finds that there is a *prima facie* proof of proper service on Korsair by way of a sworn affidavit of service, *see* Doc. 12, and Korsair has not appeared in any way in this litigation. Therefore, Korsair is in default in the instant action. For the reasons set forth below, the Court will not grant the balance of the relief sought by FSR.

### B. Motion for Declaratory Judgment

As an initial matter, FSR and JEC purport to file a "joint motion for declaratory judgment." United Health contends that the motion should be denied on the basis that there is "no complaint seeking declaratory judgment" in this action. *See* Doc. 50 at 8. "Because an action for declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the part must bring a separate action for a declaratory judgment." *Int'l Bhd. Of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995). The only way a motion for declaratory judgment can be construed as "being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment." *Id*. Here, FSR's action against Korsair does not seek declaratory relief, but rather only monetary damages and rescission of the securities purchase agreements with Korsair. *See generally* Doc. 1. However, and contrary to United Health's argument, there is an action for

declaratory judgment, i.e., JEC's third-party action against United Health and Beplate. Because JEC asserts a claim for declaratory relief in the third-party complaint, the Court construes the instant joint motion as one for partial summary judgment.

In their joint motion for declaratory judgment, FSR and JEC request that the Court enter judgment declaring that the restrictive legend on the Certificate be lifted pursuant to Rule 144 of the Securities Act of 1933, and directing United Health's transfer agent to remove the legend and issue two new unrestricted certificates, with one new unrestricted certificate representing 550,000 shares issued to FSR, and the division of the 2,500,000 shares to be determined by a joint request from JEC and FSR. *See* Doc. 47 ("Joint Motion for Declaratory Judgment").

Here, the Certificate contains a restrictive legend that prevents the shares represented thereby from being freely sold in open market transactions. Further, the Securities and Exchange Commission (the "SEC") has taken the position that removal of a restrictive legend from stock certificates is a matter solely within the discretion of the issuer of the certificates. *See* SEC Rel. No. 33-8869 at 20, n.65 ("removal of a legend is a matter solely in the discretion of the issuer of the securities"); *see also Limited Stores, Inc.*, SEC No-Action Letter, 1983 WL 28866, at *1 (December 7, 1983) (same). Only a transfer agent can remove a restrictive legend, and only with the consent of the issuer, usually in the form of an opinion letter from the issuer's counsel to the transfer agent. Here, United Health, the issuer of the Certificate, has refused to issue the opinion letter requested by JEC, which JEC contends is unreasonable because both JEC and the Certificate plainly qualify for an exemption under either Section 4(a)(1) of the 1933 Act or Rule 144.

Under Section 5 of the Securities Act of 1933, sales of securities must be registered with the Securities and Exchange Commission, or qualify for some exemption from the registration

requirements. One such exemption under Section 4(a)(1) of the 1933 Act is that the Section 5 registration requirement does not apply to transactions "by any person other than an issuer, underwriter, or dealer." Here, JEC contends that neither FSR nor Korsair falls within the definition of an "issuer, underwriter, or dealer."

In addition, Rule 144, provides a non-exclusive safe harbor exemption for the resale of securities under Section 4(a)(1). Under Rule 144, a holder of certain restricted securities—including, as here, securities acquired directly from the issuer, 17 C.F.R. § 230.144(a)(3)—becomes exempt if (1) it is not an affiliate of the issuer, and (2) it has held the securities for at least one year. Rule 144 further provides that when a purchaser who purchases restricted securities from another non-affiliate, that purchaser can tack on that non-affiliate's holding period. Here, JEC contends that FSR, who acquired the Certificate directly from United Health, is not an affiliate thereof. In addition, it has been eight years since Korsair first acquired the Certificate from FSR, well over even the one-year holding period. Therefore, JEC contends that the Certificate plainly qualifies for the Rule 144 safe harbor and the exemption under Section 4(a)(1).

The Second Circuit has instructed that a court "may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). It is well settled that a request for declaratory and/or injunctive relief is not an independent cause of action. *See KM Enterprises, Inc. v. McDonald*, No. 11 Civ. 5098 (ADS)(ETB), 2012 WL 4472010, at *19-20 (E.D.N.Y. Sept. 25, 2012) (collecting cases). Here, other than its request of declaratory relief, JEC asserts two additional causes of actions on the basis of United Health's alleged wrongful refusal to remove the restrictive legend on the Certificate: (1) securities fraud under Rule 10b-5; and (2)

intentional infliction of economic injury under New York law. *See* Doc. 20 at 13-16. However, the Second Circuit has held that an "alleged wrongful refusal to remove the legend, without more, does not create a cause of action under Rule 10b-5." *Madison Consultants v. Federal Deposit Ins. Corp.*, 710 F.2d 57, 63 (2d Cir. 1983).

Additionally, while it is true that "unreasonable withholding of an opinion letter approving transfer of restricted shares" may support a cause of action under New York law, New York courts that have addressed this issue have explained that "corporations are required to transfer shares when a 'no action' letter is submitted along with the restricted shares. *See Riskin v. National Computer Analysts, Inc.*, 308 N.Y.S.2d 985, 988 (Sup.Ct. New York County 1970), *modified on other grounds*, 37 A.D.2d 952 (N.Y. 1st Dep't 1971) (collecting cases); *see also Gasarch v. Ormand Indus. Inc.*, 346 F.Supp. 550, 552 (S.D.N.Y. 1972) (collecting cases). Indeed, it is established practice for a holder of restricted securities to first apply to the SEC for what is known as a "no action" letter, which is a staff advisory letter by the SEC to the effect that the SEC would take "no action" if a transaction takes place without the filing of a registration statement. *See Riskin*, 37 A.D.2d at 952. Here, JEC does not allege that they ever submitted a no-action letter in connection with the Certificate to United Health, or even requested one from the SEC. Had the SEC issued a no-action letter to JEC, then JEC could renew its request to United Health to remove the legend, and if it refuses to do so, JEC could then obtain a court order directing it to do so under state law. *See Madison Consultants*, 710 F.2d at 63. (citing *Riskin*, 37 A.D.2d at 952). As set forth above, it is not clear the JEC has stated an independent substantive claim which may be vindicated by the declaratory relief it is seeking.

The Court further notes that SEC is the agency charged by Congress with the responsibility to administer the statutes and rules concerning the sales of securities and possesses

considerable expertise in making the legal and factual determinations raised in the instant motion. Caselaw suggests that the SEC be given an opportunity to address the issue of JEC's authority with respect to the Certificate under Rule 144. *See Starr Intern. Co.*, 648 F.Supp.2d at 575; *see also MFS Securities Corp. v. New York Stock Exchange, Inc.*, 277 F.3d 613, 620-22 (2d Cir. 2002) (finding that, under the doctrine of "primary jurisdiction," it is appropriate to refer issues involving the securities laws to the SEC for administrative review "prior to permitting federal court adjudication of this dispute"). Accordingly, the joint motion for declaratory judgment is denied.

### III. CONCLUSION

For the aforementioned reasons, FSR's motion for default judgment is GRANTED, but only with respect to Korsair's default in the instant action, and DENIED with respect to FSR's other requests, and the joint motion for declaratory judgment by FSR and JEC is DENIED. The parties are directed to appear for a telephonic conference on **April 24 at 10:00 am**. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 47.

It is SO ORDERED.

Dated: March 30, 2020
        New York, New York

                                                                          Edgardo Ramos, U.S.D.J.